**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17-83-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| WACEY MOUNTAIN CHIEF, | |
| Defendant. | |

## I.  Synopsis

Defendant Wacey Mountain Chief (Mountain Chief) has been accused of violating the conditions of his supervised release.  Mountain Chief admitted all of the alleged violations, except alleged violations 9 and 10.  The government failed to satisfy its burden of proof with respect to alleged violation 9.  The Court dismissed alleged violation 10 on the government's motion.  Mountain Chief's supervised release should be revoked.  Mountain Chief should be placed in custody for 3 months, with 33 months of supervised release to follow.  Mountain Chief should serve the first 60 days of supervised release in a secure inpatient drug and alcohol treatment facility.

## II.  Status

Mountain Chief pleaded guilty to strangulation on April 26, 2018.

(Doc. 47).  The Court sentenced Mountain Chief to 26 months of custody,

followed by 3 years of supervised release.  (Doc. 74).  Mountain Chief's current

term of supervised release began on December 13, 2019.  (Doc. 86 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on

March 1, 2021, requesting that the Court revoke Mountain Chief's supervised

release.  (Doc. 86).  The Amended Petition alleged that Mountain Chief had

violated the conditions of his supervised release: 1) by having contact with the

victim in this case on three separate occasions; 2) by committing two other crimes;

3) by using marijuana; 4) by using methamphetamine; 5) by failing to follow the

instructions of his probation officer on two separate occasions; and 6) by

consuming alcohol on two separate occasions.

**Initial appearance**

Mountain Chief  appeared before the undersigned for his initial appearance

on the Amended Petition on March 9, 2021.  Mountain Chief  was represented by

counsel.  Mountain Chief stated that he had read the petition and that he

understood the allegations.  Mountain Chief  waived his right to a preliminary

2

hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 9, 2021.  Mountain Chief admitted that he had violated the conditions of his supervised release: 1) by having contact with the victim in this case on three separate occasions; 2) by committing the crime described in violation 2; 3) by using marijuana; 4) by using methamphetamine; 5) by failing to follow the instructions of his probation officer on two separate occasions; and 6) by consuming alcohol.  The government failed to satisfy its burden of proof with respect to alleged violation 9.  The Court dismissed alleged violation 10 on the government's motion.  The violations that Mountain Chief admitted are serious and warrant revocation of Mountain Chief's supervised release.

Mountain Chief's violations are Grade C violations.  Mountain Chief's criminal history category is I.  Mountain Chief's underlying offense is a Class C felony.  Mountain Chief could be incarcerated for up to 24 months.  Mountain Chief could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.  Analysis

Mountain Chief's supervised release should be revoked.  Mountain Chief should be incarcerated for 3 months, with 33 months of supervised release to follow.  This sentence is sufficient but not greater than necessary.  Mountain Chief should serve the first 60 days of supervised release in a secure inpatient drug and alcohol treatment facility.

## IV.  Conclusion

The Court informed Mountain Chief that the above sentence would be recommended to United States District Judge Brian Morris.  The Court also informed Mountain Chief of his right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Mountain Chief that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Wacey Mountain Chief violated the conditions of his supervised release: by having contact with the victim in this case on three separate occasions; by committing the crime described in violation 2; by using marijuana; by using methamphetamine; by failing to follow the instructions of his probation officer on two separate occasions; and by consuming alcohol.

4

The Court **RECOMMENDS:**

> That the District Court revoke Mountain Chief's supervised release
> and commit Mountain Chief to the custody of the United States
> Bureau of Prisons for 3 months, with 33 months of supervised release
> to follow.   Mountain Chief should serve the first 60 days of
> supervised release in a secure inpatient drug and alcohol treatment
> facility.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 10th day of March, 2021.

John Johnston
United States Magistrate Judge