IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WACEY MOUNTAIN CHIEF,<br><br>Defendant. | CR 17-83-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Wacey Mountain Chief (Mountain Chief) has been accused of violating the conditions of his supervised release. Mountain Chief admitted alleged violations 1, 2 and 3. Mountain Chief denied alleged violations 4, 5 and 6. The Court dismissed alleged violations 4, 5 and 6 on the government's motion. Mountain Chief's supervised release should be revoked. Mountain Chief should receive a custodial sentence of time served, with 32 months of supervised release to follow. Mountain Chief should be subject to home confinement during the first 180 days of his term of supervised release. Mountain Chief should be required to obtain full time employment (40 hours per week) on or before October 10, 2023. Mountain Chief should be required to maintain full time during the entire term of

his supervised release. The District Court should entertain a motion to terminate Mountain Chief's supervised release if Mountain Chief successfully completes 6 consecutive months of supervised release without a violation.

## II. Status

Mountain Chief pleaded guilty to strangulation on April 26, 2018. (Doc. 47). The Court sentenced Mountain Chief to 26 months of custody, followed by 3 years of supervised release. (Doc. 74). Mountain Chief's current term of supervised release began on May 7, 2021. (Doc. 108 at 1).

**Petition**

The United States Probation Office filed a Petition on July 25, 2023, requesting that the Court revoke Mountain Chief's supervised release. (Doc. 108). The Petition alleged that Mountain Chief had violated the conditions of his supervised release: 1) by using methamphetamine and marijuana; 2) by committing another crime; 3) by failing to maintain regular employment; 4) by failing to answer truthfully the questions asked by his probation officer on two separate occasions; and 5) by failing to participate in substance abuse testing.

**Initial appearance**

Mountain Chief appeared before the undersigned for his initial appearance on October 3, 2023. Mountain Chief was represented by counsel. Mountain

Chief stated that he had read the petition and that he understood the allegations. Mountain Chief waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 3, 2023. Mountain Chief admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine and marijuana; 2) by committing another crime; and 3) by failing to maintain regular employment. The Court dismissed alleged violations 4, 5 and 6 on the government's motion. The violations that Mountain Chief admitted are serious and warrant revocation of Mountain Chief's supervised release.

Mountain Chief's violations are Grade C violations. Mountain Chief's criminal history category is I. Mountain Chief's underlying offense is a Class C felony. Mountain Chief could be incarcerated for up to 24 months. Mountain Chief could be ordered to remain on supervised release for up to 33 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Mountain Chief's supervised release should be revoked. Mountain Chief should receive a custodial sentence of time served, with 32 months of supervised release to follow. Mountain Chief should be subject to home confinement during the first 180 days of his term of supervised release. Mountain Chief should be required to obtain full time employment (40 hours per week) on or before October 10, 2023. Mountain Chief should be required to maintain full time during the entire term of his supervised release. The District Court should entertain a motion to terminate Mountain Chief's supervised release if Mountain Chief successfully completes 6 consecutive months of supervised release without a violation.

## IV. Conclusion

The Court informed Mountain Chief that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Mountain Chief of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Mountain Chief that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Mountain Chief stated that he wished to waive

his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Wacey Mountain Chief violated the conditions of his supervised release: by using methamphetamine and marijuana; by committing another crime; and by failing to maintain regular employment.

The Court **RECOMMENDS:**

> That the District Court revoke Mountain Chief's supervised release and commit Mountain Chief to the custody of the United States Bureau of Prisons for a term of time served, with 32 months of supervised release to follow. Mountain Chief should be subject to home confinement during the first 180 days of his term of supervised release. Mountain Chief should be required to obtain full time employment (40 hours per week) on or before October 10, 2023. Mountain Chief should be required to maintain full time during the entire term of his supervised release. The District Court should entertain a motion to terminate Mountain Chief's supervised release if Mountain Chief successfully completes 6 consecutive months of supervised release without a violation.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of October, 2023.

John Johnston
United States Magistrate Judge