# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WACEY MOUNTAIN CHIEF,<br><br>Defendant. | CR 17-83-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Wacey Mountain Chief (Mountain Chief) has been accused of violating the conditions of his supervised release. Mountain Chief admitted alleged violations 2, 3, 5, and 10. Mountain Chief denied alleged violations 1, 4, 6, 7, 8 and 9. The Court dismissed alleged violations 1, 4, 6, 7, 8 and 9 on the government's motion. Mountain Chief's supervised release should be revoked. Mountain Chief should be placed in custody for 6 months, with no supervised release to follow. Mountain Chief should serve his term of custody in FCI Terminal Island in Los Angeles, California.

## II. Status

Mountain Chief pleaded guilty to strangulation on April 26, 2018.

(Doc. 47). The Court sentenced Mountain Chief to 26 months of custody, followed by 3 years of supervised release. (Doc. 74). Mountain Chief's current term of supervised release began on October 3, 2023. (Doc. 124 at 2).

**Petition**

The United States Probation Office filed a Second Amended Petition on January 18, 2024, requesting that the Court revoke Mountain Chief's supervised release. (Doc. 124). The Second Amended Petition alleged that Mountain Chief had violated the conditions of his supervised release: 1) by using methamphetamine on three separate occasions; 2) by using oxycodone pills; 3) by failing to maintain full time employment; 4) by failing to provide truthful answers to questions asked by his probation officer; 5) by failing to comply with his home confinement requirements on two separate occasions; 6) by failing to comply with his substance abuse testing requirements; 7) by committing another crime; and 8) by using cocaine, opiates and marijuana.

**Initial appearance**

Mountain Chief appeared before the undersigned for his initial appearance on January 24, 2024. Mountain Chief was represented by counsel. Mountain Chief stated that he had read the petition and that he understood the allegations. Mountain Chief waived his right to a preliminary hearing. The parties consented

to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 24, 2024. Mountain Chief admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by using oxycodone pills; 3) by failing to maintain full time employment; 4) by failing to comply with his home confinement requirements; and 5) by using cocaine, opiates and marijuana. The Court dismissed alleged violations 1, 4, 6, 7, 8 and 9 on the government's motion. The violations that Mountain Chief admitted are serious and warrant revocation of Mountain Chief's supervised release.

Mountain Chief's violations are Grade C violations. Mountain Chief's criminal history category is I. Mountain Chief's underlying offense is a Class C felony. Mountain Chief could be incarcerated for up to 24 months. Mountain Chief could be ordered to remain on supervised release for up to 33 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Mountain Chief's supervised release should be revoked. Mountain Chief should be placed in custody for 6 months, with no supervised release to follow.

Mountain Chief should serve his term of custody in FCI Terminal Island in Los Angeles, California.

## IV. Conclusion

The Court informed Mountain Chief that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Mountain Chief of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Mountain Chief that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Wacey Mountain Chief violated the conditions of his supervised release: by using methamphetamine on two separate occasions; by using oxycodone pills; by failing to maintain full time employment; by failing to comply with his home confinement requirements; and by using cocaine, opiates and marijuana.

The Court **RECOMMENDS:**

> That the District Court revoke Mountain Chief's supervised release and commit Mountain Chief to the custody of the United States Bureau of Prisons for 6 months, with no supervised release to follow. Mountain Chief should serve his term of custody in FCI Terminal Island in Los Angeles, California.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of January, 2024.

John Johnston
United States Magistrate Judge